# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **STANLEY LORENZO WILLIAMS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | 1:11CV1083 |
| | ) | |
| **SUPERINTENDENT SIDNEY HARKLEROAD, et al.,** | ) ) | |
| | ) | |
| **Respondents.** | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a document styled as a request for permission to file a motion to amend his habeas petition in 1:03CV299. That case long ago ended in this Court, but Petitioner has continued to file numerous documents in the closed case. His filings eventually led the Court to enter an injunction against his making further filings in the case without first obtaining permission from the Court. (1:03CV299, Docket No. 167.) Following the entry of that injunction, Petitioner has made multiple attempts at further filings and his current submission is yet another in that series. Petitioner states in this request that changes in North Carolina's sentencing laws, which just went into effect on December 1, 2011, entitle him to a sentence reduction. Even if Petitioner were correct, this would not justify Petitioner making a filing in a case that has long been

closed. Instead, the claims are new claims that would have to be raised in an entirely new habeas petition under 28 U.S.C. § 2254. For that reason, the Court should treat the submission as a new petition and open it as a new case. Nevertheless, for the following reasons, the petition cannot be further processed:

1. Petitioner has not used the required § 2254 Forms. Rule 2, R. Gov. § 2254 Cases. The Clerk will forward to Petitioner the proper forms.

2. Petitioner has failed to indicate that state court remedies have been exhausted as to his new claims. [28 U.S.C. § 2254(b).] In fact, given the very recent passage of the laws that Petitioner alleges entitle him to a sentence reduction, it does not appear possible that he has exhausted any state court remedies. It is also not apparent how a change in state statutory law could entitle Petitioner to relief in this Court. It would be the province of the state courts to apply the new laws.

3. Filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

4. The instant petition relates to the same conviction that was already challenged unsuccessfully in the 1:03CV299. Consequently, Petitioner would need to apply to the Fourth Circuit Court of Appeals for an order authorizing this district court to consider the current petition. A habeas petitioner who seeks to file a second or successive habeas corpus application must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Because of these pleading failures, this particular submission by Petitioner should be filed as a new habeas petition and then dismissed without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, after he has received permission to do so from the Fourth Circuit. The Court has no authority to toll the statute of limitation, therefore it

continues to run, and Petitioner must act quickly if he wishes to pursue this petition. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). *In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk shall send Petitioner a copy of this Recommendation and Order, instruction forms for filing § 2254 petitions in this Court and for filing a Motion for Authorization in the United States Court of Appeals for the Fourth Circuit, an application to proceed *in forma pauperis* (upon request), and four copies of § 2254 petition forms (more copies will be sent on request). Petitioner should keep the original and two copies of the § 2254 petition which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that Petitioner's submission be construed as a new habeas petition under 28 U.S.C. § 2254, filed as a new case, and dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current petition if he receives permission to do so from the Fourth Circuit.

                                                          /s/ P. Trevor Sharp
                                                      United States Magistrate Judge

Date: January 9, 2012